IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORYN C. FRITZLER,

    Plaintiff,

v.                                      Case No. 6:15-cv-01193-JTM

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for leave to take the deposition of witness Cheri Wright for use at trial. (Dkt. 75). Plaintiff asserts that Wright, who lives in Florida, is unable to travel to Kansas for trial. Plaintiff argues there is good cause for allowing the deposition and that defendant will suffer no unfair surprise or prejudice from it. Defendant opposes the request, noting that the discovery deadline has passed and arguing that plaintiff cannot satisfy the "excusable neglect" or "good cause" standards for modifying a scheduling order.

The court previously set a discovery deadline of March 29, 2016. Dkt. 53 at 3. The Pretrial Order of April 28, 2016, noted discovery was complete and that any additional discovery was contingent upon an agreement by the parties. Dkt. 70 at 20. In view of plaintiff's belated request to depose a witness, the governing standard is a strict one, as the Pretrial Order may be modified at this point only "to prevent manifest injustice." *Id*. at 1.

Plaintiff's counsel asserts that during the deposition of Angel Gomez on March 2, 2016, she first learned of a conversation Gomez had with two of defendant's employees, Cheri Wright and Nancy Cziske, in which he allegedly told them plaintiff had confessed to wrongful use of company assets. Counsel asserts she did not become aware of the significance of the conversation until the week of March 21, 2016, when she interviewed Wright and Cziske and they denied the allegation. Counsel asserts that because discovery was set to close on March 29, 2016, and because Wright agreed to cooperate with plaintiff, she did not schedule a discovery deposition. Defendant subsequently filed a motion for summary judgment on April 8, 2016, relying in part on Gomez's testimony. In response, plaintiff obtained an affidavit from Wright, who now lives in Florida, denying Gomez's allegation. The court denied the motion for summary judgment on June 22, 2016, based in part on Wright's affidavit. Plaintiff's counsel asserts that she spoke to Wright on June 28, 2016, "and learned that she is unable to travel to Kansas to testify in this matter." Dkt. 75 at 3.

A local rule of this court provides that the deposition of a material witness not subject to subpoena "should ordinarily be taken during the discovery period." D. Kan. R. 30.3. The rule goes on to say, however, that "the deposition of a material witness who agrees to appear at trial, but who later becomes unable or refuses to attend, may be taken at any time before trial." *Id*.

Plaintiff's counsel does not specifically allege that Wright previously agreed to appear at trial. But she does allege that Wright agreed to cooperate with plaintiff, and that counsel only recently learned that Wright is unable to travel here for trial. Under

2

the circumstances, the court concludes that plaintiff has shown good cause for the belated request for deposition. Moreover, the court concludes that the interests of justice weigh heavily in favor of allowing the deposition. Plaintiff's counsel alleges that she immediately attempted to secure defendant's agreement for the deposition after learning that Wright would not travel here, but was unable to do so. The trial is scheduled for September 27, 2016, meaning there is more than sufficient time for the parties to depose the witness without any disruption to the schedule for disposition of the case. Defendant does not claim – and cannot realistically claim – any prejudice or unfair prejudice from this deposition. Nor is there any hint of bad faith on plaintiff's part in seeking this modification. Additionally, this witness's testimony appears material to a central issue in the case, and allowing the deposition furthers the policy of resolving disputes on the merits rather than on procedural grounds.

**IT IS THEREFORE ORDERED** this 7th day of July, 2016, that plaintiff's Motion for Leave to Take Deposition of Cheri Wright (Dkt. 75) is GRANTED.

    ___s/ J. Thomas Marten_____
    J. THOMAS MARTEN, JUDGE